IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD WILLIAMS, | : | Case No. 4:15-cv-01950 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| DONALD NEALIS and NORTHEAST BUILDER AND DESIGN, INC. | : | |
| Defendants. | : | |

**MEMORANDUM**
May 6, 2016

Pending before this Court is a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Donald Nealis (hereinafter "Defendant Nealis") and Northeast Builder and Design, Inc. (hereinafter "Defendant Northeast Builder") (collectively "Defendants") against Plaintiff Todd Williams (hereinafter "Mr. Williams").[1] The motion seeks to dismiss Counts II and IV of Mr. Williams' amended complaint in which he seeks punitive damages from Defendant Nealis (Count II) and Defendant Northeast Builder (Count IV).[2]

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000 and the parties are

---

[1] ECF No. 10.
[2] ECF No. 8.

citizens of different states. Defendants have not filed a reply brief; the time for briefing has concluded, however, and this matter is now ripe for disposition. For the reasons discussed, Defendants' motion is denied.

## I. BACKGROUND

This matter arises from an automobile accident occurring on January 16, 2015. On that date, Defendant Nealis, who was operating a truck owned by Defendant Northeast Builder, was traveling eastbound on State Route 467 in Orwell Township, Bradford County, Pennsylvania. Mr. Williams was also on State Route 467, traveling westbound. According to Mr. Williams, Defendant Nealis' vehicle crossed from the eastbound lane into the westbound lane, striking Mr. Williams. As a result of the collision, Mr. Williams sustained the following injuries: right open fracture of the tibia and fibula, multiple fractures of the right ribs, left open patella fracture, closed fracture of the right medial malleolus, nondisplaced fracture of the lateral condyle of the femur, closed fracture of the femur shaft, traumatic brain injury, and pulmonary injury, among other impairments. Since the incident, Mr. Williams has undergone the following medical treatments: multiple surgeries, skin grafts, splints, braces, immobilizers, traction devices, gait assistive devices, blood transfusions, picc lines for long term antibiotics, and the administration of other medications.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[3] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[4] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[5]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[6] In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[7] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[8]

---

[3] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (quoting *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).
[4] *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).
[5] *Neitzke*, 490 U.S. at 327.
[6] Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).
[7] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.
[8] *Iqbal*, 556 U.S. at 670 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[11] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[12]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged

---

[9] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).
[10] *Iqbal*, 556 U.S. at 678.
[11] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. Jan. 11, 2016) (Jordan, J.) (internal quotations and citations omitted).
[12] *Twombly*, 550 U.S. at 556.
[13] *Iqbal*, 556 U.S. at 679.
[14] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

in the light most favorable to [the plaintiff]."[15] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[16] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

### III. DISCUSSION

Mr. Williams' amended complaint consists of five counts, including counts alleging negligence against Defendants Nealis (Count I) and Northeast Builder (Count III), one count of vicarious liability against Defendant Northeast Builder (Count V), and requests for punitive damages against Defendants Nealis (Count II)

---

[15] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[16] *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[17] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).
[18] *Iqbal*, 556 U.S. at 678.
[19] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

and Northeast Builder (Count IV).[20] Defendants seek to dismiss Counts II and IV, arguing that Mr. Williams failed to allege any facts supporting an award of punitive damages. Defendants argue that Mr. Williams' complaint sounds in simple negligence and that it fails to state conduct that is outrageous or done willfully, wantonly, or with reckless indifference.

This case is predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.[21] To succeed on a claim for punitive damages under Pennsylvania law, a plaintiff must establish that the defendant's conduct was outrageous because of his or her "evil motive" or "reckless indifference to the rights of others."[22] "[P]unitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."[23]

Pennsylvania courts have adopted the following standard for reckless misconduct, as set forth in Section 500 of the Restatement (Second) of Torts:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that

---

[20] ECF No. 8.
[21] *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).
[22] *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005).
[23] *Id.*

6

such risk is substantially greater than that which is necessary to make his conduct negligent.[24]

The Supreme Court of Pennsylvania observed in *Evans v. Philadelphia Transportation Company*,[25] that a defendant acts with reckless disregard when he consciously disregards a known risk "so obvious that he must ... have been aware of it, and so great as to make it highly probable that harm would follow."[26] The *Evans* court concluded that the issue of whether a defendant has acted with reckless disregard for the safety of others is an issue of fact to be determined by a jury.[27]

Punitive damages may also be awarded on the basis of vicarious liability.[28] An employer can be vicariously liable for the torts of an employee if the employee was acting "during the course of and within the scope of [his] employment" when the tort was committed.[29] "[T]here is no requirement that an agent commit a tortuous act at the direction of his principal, nor must the principal ratify the act, in order for punitive damages to be imposed on him."[30]

---

[24] Restatement (Second) of Torts § 500 (1965); *see also Evans v. Philadelphia Transportation Company*, 212 A.2d 440, 444 (Pa. 1965); *Stubbs v. Frazer*, 454 A.2d 119, 120 (Pa. Super. Ct. 1982).
[25] 212 A.2d 440 (Pa. 1965).
[26] *Evans*, 212 A.2d at 443.
[27] *Evans*, 212 A.2d at 445.
[28] *Seamans v. Tramontana*, 2013 WL 5728670, *5 (M.D. Pa. Oct. 22, 2013) *(quoting Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. 1998)).
[29] *Brezenski v. Wold Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000).
[30] *Seamans*, 2013 WL 5728670 at *5 (*quoting Shiner*, 706 A.2d at 1240).

Mr. Williams cites *Seamans v. Tramontana*,[31] arguing that his allegations are sufficient, at this stage in the litigation, to support a claim for punitive damages. In *Seamans*, the Honorable Malachy E. Mannion of this Court allowed the plaintiffs to proceed to discovery on their punitive damages claim when they pled that the defendant should have known that driving at an unsafe speed and following too closely behind the plaintiffs could result in serious injury to others on the roadway.[32] Judge Mannion reasoned:

> [if the defendant] consciously appreciated the risk that the statutes were designed to avoid, namely accidents on state roads or highways caused by a speeding car driving too closely to other vehicles, and knowingly ignored that risk through his actions, then punitive damages might be appropriate."[33]

Judge Mannion further quoted *Phillips v. Cricket Lighters*[34] in stating that "a plaintiff in a case sounding in negligence [may undertake] the additional burden of attempting to prove, as a matter of damages, that the defendant's conduct was . . . also outrageous, and warrants a response in the form of punitive damages."[35] He held "further discovery is appropriate to determine, among other things, [the defendant's] mental state."[36]

---

[31] 2013 WL 5728670 at *5.
[32] *Id.*
[33] *Id.*
[34] 883 A.2d 439 (Pa. 2005).
[35] *Id. (quoting Phillips,* 883 A.2d at 445 n. 7 (Pa. 2005)).
[36] *Id.*

In the case at bar, Mr. Williams alleges that Defendant Nealis' conduct "was outrageous and/or done willfully, wantonly and/or with reckless indifference" because he knew or should have known that the road was wet, slick, and slippery due to a snowfall and that traveling at a speed that was too fast for the conditions present could cause him to lose control of his vehicle.[37] He also alleges that Defendant Nealis knew or should have known that failing to pay attention to the roadway, maintain adequate control over his vehicle, and sending, reading, and/or writing text messages while operating the vehicle could result in serious injury to others.[38] Mr. Williams specifically cites several statutes which he alleges Defendant Nealis violated, including operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. § 3714; operating his vehicle in excess of the speed limit in violation of 75 Pa. C.S.A. § 3362; operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. § 3361; and failing to operate his vehicle in a single lane of traffic in violation of 75 Pa. C.S.A. § 3309, among others.

Mr. Williams also alleges that Defendant Nealis was operating a 2009 Black Ford F350 truck owned by Defendant Northeast Builders at the time of the

---

[37] ECF No. 8 at ¶ 25.
[38] *Id.*

incident.[39] He further pleads that Defendant Northeast Builders knew or should have known of the dangerous conditions of the road and the acts of its employee.[40]

In light of the allegations pled, I conclude at this stage in the proceedings that Mr. Williams may proceed to discovery to determine Defendant Nealis' mental state at the time of the incident. Discovery may (or may not) yield information that Defendant Nealis consciously appreciated the risk of his actions and knowingly ignored that risk. Discovery could also yield information that Defendant Nealis was acting during the course of or within the scope of his employment with Defendant Northeast Builders at the time of the incident.

## IV. CONCLUSION

In accordance with the foregoing analysis, Defendants' motion to dismiss[41] is denied.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[39] ECF No. 8 at ¶¶ 9, 12, 13.
[40] ECF No. 8 at ¶ 35.
[41] ECF No. 10.